## Hagerty v. Latrobe Area Hospital

*Scales, Shaw, Lyons & Ceraso,* for plaintiff.
*Thomson, Rhodes & Grigsby,* for defendant.

SULCO, J., August 2, 1971.—This matter comes before the court en banc for disposition of defendant John M. Krouse's preliminary objections to plaintiff's complaint in trespass.

Plaintiff filed a complaint in trespass against three defendants, Latrobe Area Hospital, Joseph R. Govi and John M. Krouse, alleging that she entered Latrobe Area Hospital on January 31, 1969, and that she was operated on by defendant Joseph R. Govi on February 1, 1969. She further alleges that a piece of thoracentesis catheter was negligently allowed to remain in her chest during the first operation and that on February 3, 1969, defendant John M. Krouse operated on her for the purpose of removing the piece of catheter from her chest. She further alleges that because of its location, Dr. Krouse did not remove the catheter.

Defendant John M. Krouse filed preliminary objections as follows:

*"Preliminary Objections*

"Defendant, John M. Krouse, by his attorneys, Thomson, Rhodes & Grigsby, makes the following preliminary objections to the plaintiff's complaint:

*"Motion to Strike*

"Defendant moves to strike the plaintiff's complaint because the same does not conform to the Rules of Civil Procedure in that it is prolix, it contains innumerable conclusions of law and instances of advocacy evi-

dence and it does not consist of a statement of the material facts in a concise and summary form.

*"Misjoinder of a Cause of Action*

"This defendant asserts that plaintiff has misjoined the alleged cause of action against this defendant, because the conduct of this defendant about which complaint has been made occurred at a different time from that of co-defendant Govi and there is no allegation of any community of conduct or community of fault on the part of this defendant and co-defendant Govi."

The first objection presents the question as to whether plaintiff's complaint should be stricken because it allegedly does not conform to the Rules of Civil Procedure in that it is prolix, contains conclusions of law and advocacy evidence and is not in a concise or summary form.

The court agrees that the complaint is "wordy" and possibly repetitious in part as well as containing conclusions of law. We do not, however, feel that defendant Krouse is faced with an "impossible burden" of answering the complaint. The malpractice type cases are not so common as to give plaintiff's counsel the confidence in the preparation of a complaint he might have in preparing a complaint based say on a collision of two automobiles at an intersection. The allegation of negligence against a doctor in the highly specialized field of medicine presents problems, real or imagined, which the drafter of a complaint in trespass could very well feel demands a cautious and detailed approach in order to protect his client's interest. This could result in a lengthy and perhaps repetitious complaint. If such a result occurs, we cannot fault a plaintiff so long as the defendant is not prejudiced thereby. Here, defendant Krouse should have no difficulty in answering the complaint. As a matter of fact, defendant, Latrobe Area Hospital filed an answer to the complaint with seemingly no problems.

We do not feel there is sufficient merit to defendant Krouse's objection to warrant striking the complaint. We direct defendant, John M. Krouse, to disregard the excess material in the complaint as surplusage and to make his answer to the complaint accordingly.

The second objection raises the question whether the cause of action against defendant Krouse is misjoined because his operation on plaintiff occurred two days after plaintiff's first operation.

The pleadings would indicate that plaintiff was in the hospital for an uninterrupted period during which both operations were performed, the second operation being an attempt to remove a foreign object left in plaintiff's chest during the first operation. Plaintiff asserts her right to relief against defendants individually, jointly and severally. Pennsylvania Rule of Civil Procedure 2229(c) provides:

"(c) Parties may join or be joined in the alternative although the cause of action asserted by or against any one or more of them is inconsistent with the cause of action asserted by or against any of the others so joined."

Plaintiff, Mary E. Hagerty, was admitted to Latrobe Area Hospital on January 31, 1969, and discharged February 14, 1969. It was during this one admission to the hospital that the series of events occurred which allegedly resulted in plaintiff's injuries and the filing of her complaint in trespass.

Pennsylvania Rule of Civil Procedure 2229(c) was specifically designed to remedy the situation in which plaintiff knows that one or more of several persons is or are liable for plaintiff's injuries, but plaintiff is unable to ascertain which of such persons or whether all of such persons are jointly liable for his injuries. We do not feel that plaintiff is guilty of a misjoinder of action based on the pleadings before the court. In view

of the above, defendant Krouse's preliminary objection number two is dismissed.

We, therefore, enter the following order:

### ORDER OF COURT

And now, to wit: August 2, 1971, after due and careful consideration of the pleadings and briefs of counsel, it is ordered, adjudged and decreed that defendant Krouse's preliminary objections be and the same are hereby dismissed; it is further ordered that defendant Krouse file his answer to the complaint in trespass within 20 days of the date of this order.